UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ELISONDO VARELAS,<br><br>Defendant. | No.  1:22-cr-00028-TLN<br><br><br>**ORDER** |

This matter is before the Court on Defendant Elisondo Varelas's ("Defendant") Motion for Early Termination of Supervised Release.  (ECF No. 6.)  The Government has not filed an opposition.  For the following reasons, the Court GRANTS Defendant's motion.

Defendant was convicted of conspiracy to possess with intent to distribute and to distribute methamphetamine in violation of 21 U.S.C. § 846 and possession with intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1) in the Northern District of California.  (ECF No. 1.)  Defendant was sentenced to 140 months in prison to be followed by a 60-month term of supervised release.  (ECF No. 3.)  Defendant's term of supervised release began on January 14, 2022.  (ECF No. 1.)  Jurisdiction transferred to this Court on January 27, 2022.  (*Id.*)  Defendant filed the instant motion for early termination of his supervised release on April 28, 2025.  (ECF No. 6.)

///

1   "The correct legal standard for deciding a motion to terminate supervised release is set forth in 18 U.S.C. § 3583(e)." *United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014). "The statute provides that, after considering a subset of the sentencing factors set forth in 18 U.S.C. § 3553(a), a court may terminate a term of supervised release 'if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.'" *Id.* (quoting 18 U.S.C. § 3583(e)(1)). Defendant has the burden to demonstrate that early termination of supervised release is justified. *United States v. Weber*, 451 F.3d 552, 559 n.9 (9th Cir. 2006)).

Defendant requests early termination of supervised release based on his good conduct on supervised release for approximately 40 months, his steady employment with Tesla in the casting department and part-time job as a barber, his commendable efforts to support his family, and the support of his probation officer. (ECF No. 6 at 3–6.) Defendant emphasizes that his compliance with supervised release has been so consistent that in January 2025, the Court authorized Defendant to travel to Mexico to visit his father based on the probation officer's recommendation. (*Id.* at 4.) Defendant also submits many character reference letters from friends and family attesting to the positive changes he has made in his life. Based on the Government's non-opposition and Defendant's exemplary conduct while on supervised release, the Court finds Defendant has met his burden to show that early termination of supervised release is warranted pursuant to 18 U.S.C. § 3583(e). *Emmett*, 749 F.3d at 819.

Accordingly, Defendant's Motion for Early Termination of Supervised Release is hereby GRANTED. (ECF No. 6.)

IT IS SO ORDERED.

Date: May 1, 2025

_____
TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE